Filed 12/31/25  P. v. Wooten CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES DOUGLAS WOOTEN,<br><br>        Defendant and Appellant. | B341819<br><br>(Los Angeles County<br>Super. Ct. No. TA065825) |

        James Douglas Wooten (defendant) appeals from an order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95). Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  Defendant submitted a supplemental brief on his own behalf.  Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216

---

1        All further statutory references are to the Penal Code unless otherwise indicated.

(*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts[2]

#### A. *The underlying crime*

In 1988, Dwayne Walker was shot and killed at a gas station, and the shooter used a .38 caliber bullet. Three witnesses saw the gunman rifle through Walker's pockets and search his car. The gunman then carjacked a woman at a nearby church and drove off. Despite witness descriptions and fingerprints found in Walker's car, the police were unable to identify the killer.

In 2002, cold case investigators resubmitted the fingerprints to the California identification databank, and defendant was identified as a possible match. The witnesses and the carjacking victim identified defendant's photograph with differing degrees of certainty. When test-fired in 2002, the .38 caliber revolver that defendant used in a 1996 robbery could neither be conclusively identified nor excluded as the firearm that killed Walker, as the gun's barrel had been damaged.

#### B. *Conviction and appeal*

In January 2003, the People charged defendant with a single count of murder (§ 187). The People also alleged the

---

[2] We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction (*People v. Wooten* (Sept. 13, 2004, B171508) [nonpub. opn.]), but we do not rely on these facts for our analysis or disposition here (see § 1172.6, subd. (d)(3)).

special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)(A)), and that defendant personally used a firearm during the commission of the murder and the robbery (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)).

Defendant represented himself at trial and argued that someone else had committed the murder.[3]

A jury convicted defendant of first degree murder and found true the special circumstance and firearm allegations. The trial court sentenced defendant to life in prison without the possibility of parole, plus two years.

On direct appeal from his conviction, defendant raised four contentions. A prior panel of this division affirmed the murder conviction, but partly modified the judgment to change the special circumstance from robbery-murder to attempted robbery-murder.

## II. Procedural Background

In May 2019, defendant, representing himself, filed a petition for resentencing under section 1170.95[4] and requested counsel. The trial court denied the petition without a hearing, finding the record disclosed as a matter of law defendant was the

___

[3] Police found a man in the neighborhood who seemed to match the general description of the assailant; brought him to the scene; and showed him to Walker. As Walker drifted in and out of consciousness while the paramedics worked on him, he stated, "Yes, that is him."

[4] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we will refer to the section by its new numbering only.

actual killer, and therefore did not fall within the scope of section 1172.6. A different panel of this division affirmed the denial of defendant's petition.[5]

In April 2023, defendant filed a form petition for resentencing under section 1172.6. After the People filed a response and defendant filed a reply to the response, the trial court determined that defendant had made a prima facie showing that he was entitled to relief and issued an order to show cause. The People filed a second response to the petition and attached the reporter's transcript of the jury trial, and jury instructions. Defendant filed a reply.

On September 30, 2024, the trial court held an evidentiary hearing and took the matter under submission.

On October 8, 2024, the trial court denied the petition for relief based on the court's findings that (1) "[a]ll of the evidence point[s] towards the fact there was only one assailant and only one shooter during the commission of the crime" and (2) the jury's findings establish that "[t]he jury clearly determined that [defendant] was the only assailant and that he was the actual killer."

Defendant filed this timely appeal.

## DISCUSSION

In 2018, our Legislature amended the definition of "murder" in our State to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) As amended, liability

---

[5]    *People v. Wooten* (Sep. 16, 2020, B299935) [nonpub. opn.].

4

for murder is limited to persons (1) who are *the actual killer*; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life.  (§§ 188, subd. (a)(3), 189, subd. (e)(1)–(3).)

Section 1172.6 is the procedural vehicle by which persons convicted of murder in now-final judgments can seek to vacate any such convictions that do not satisfy the currently permissible theories of homicide liability.  (§ 1172.6, subd. (a).)  Where, as here, the trial court has convened an evidentiary hearing (§ 1172.6, subd. (d)(1)), the People have the burden of proving to the trial court, sitting as an independent fact finder, that defendant is guilty of murder under a still-valid theory.  (*Id*. at subd. (d)(3).)  The parties have the option of introducing "new or additional" evidence, or may choose to rely on the record of the prior proceedings.  (*Ibid*.)

The trial court in this case found beyond a reasonable doubt that defendant was guilty of murder because he was the actual killer, and as such, was not eligible for resentencing relief under Penal Code 1172.6.

In his supplemental briefing filed with this court, defendant argues that (1) the trial court made "[i]mpermissible [f]actual findings" by relying on "disputed and inconclusive facts"[6]; and (2) the evidence was insufficient to prove guilt beyond a reasonable doubt.

Defendant's first argument misunderstands the role of the trial court presiding over an evidentiary hearing pursuant to

---

[6]     Defendant referenced "smudged fingerprints, inconclusive ballistics evidence, and hearsay photo identifications."

section 1172.6, subdivision (d). The trial judge "must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.) That is precisely what the trial court did here.

Defendant's second argument amounts to an attack on the sufficiency of the evidence presented at trial because no new evidence was presented at the evidentiary hearing. Such an attack is not cognizable in litigation under section 1172.6. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Defendant has failed to allege facts which, if true, would demonstrate that he could not be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Defendant also filed in this court a motion, pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, 122 (*Marsden*), to remove his appointed counsel on appeal.

In *Marsden*, our Supreme Court established that a defendant is entitled to substitute counsel when the record clearly demonstrates that appointed counsel is providing inadequate representation, or when a serious and irreconcilable conflict between counsel and defendant exists such that ineffective assistance is likely. (*People v. Zendejas* (2016) 247 Cal.App.4th 1098, 1108.) This doctrine is rooted in the constitutional guarantee of effective assistance of counsel under the Sixth Amendment. (*People v. Dennis* (1986) 177 Cal.App.3d 863, 869.)

A defendant has a constitutional right to effective counsel on the first appeal as a matter of right following a criminal conviction. (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.) However,

6

an appeal from the denial of a petition for resentencing is not a first appeal of right, and accordingly, there is no *constitutional* right to counsel on such an appeal. (*Id.* at 227.) The right to counsel in proceedings under section 1172.6, subdivision (c) is purely statutory. Thus, the predicate for a *Marsden* motion is absent. We conclude in any event that appointed counsel did not provide ineffective assistance because the trial court's denial of defendant's section 1172.6 petition was procedurally and substantively sound.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, P. J.
HOFFSTADT

We concur:

_____, J.
MOOR

_____, J.
KIM (D.)

7